UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULINDA K. TARVER,

       Plaintiff,

v.                                                                                  Case No. 20-11570
                                                                       Hon. Denise Page Hood

KILOLO KAJAKAZI,
ACTING COMMISSIONER OF
SOCIAL SECURITY

       Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION (ECF No. 18) TO GRANT DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF No. 16) AND TO DENY PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 12)**

**I.  INTRODUCTION**

       This matter is before the Court on Magistrate Judge Kimberly G. Altman's Report and Recommendation (ECF No. 18) to grant the Motion for Summary Judgment filed by Defendant Commissioner of Social Security ("Commissioner") (ECF No. 16) and to deny Plaintiff Julinda K. Tarver's ("Tarver's") Motion for Summary Judgment (ECF No. 12).  Timely objections and a response to the objections have been filed. (ECF Nos. 19, 20).

On September 30, 2019, Administrative Law Judge ("ALJ") Patricia S. McKay determined that none of Tarver's conditions prevented her from performing her past relevant work. (ECF No. 10, PageID.58-69). Tarver contends that this finding is not supported by the evidence of record.

## II. ANALYSIS

### A. Standard of Review

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a de novo review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

### B. Plaintiff's Objections

Plaintiff disputes the finding that the conditions of bilateral osteoarthritis of the knee, bilateral knee replacement; hypertension with cardiac heart failure; obesity with history of gastric sleeve; and history of dermatomyositis did not render her disabled.[1] (ECF No. 19, PageID.807)(ECF No. 10, PageID. 61). She objects to the Magistrate Judge's finding that her need for a cane on a frequent basis (as found by a consultative examiner) does not prevent her from returning to her past relevant work. *Id.* In response, the Commissioner submits that the ALJ's findings that Plaintiff could perform her past relevant work is supported by substantial evidence and that the Report and Recommendation should be adopted (ECF No. 20).

This objection fails for multiple reasons. First, the ALJ explicitly rejected the consultative finding that Tarver required the use of a cane on the basis that it was inconsistent with the same examiner's finding that Tarver could walk up to four hours a day. (ECF No. 10, PageID.66). *See Hudson v Comm'r of Soc. Sec.*, No. 16-12999, 2018 WL 1249321, at *8 (E.D. Mich. January 31, 2018), report and

---

[1] At the end of the Report and Recommendation, Parties were informed that "objections must be labeled as 'Objection No. 1,' and 'Objection No. 2,' *etc*." and that "[a]ny objection must recite precisely the provision of [the] Report and Recommendation to which it pertains." (ECF No. 18, PageID.803). Contrary to this directive, Plaintiff's "objections" are not numbered or otherwise demarcated. (ECF No. 19).

recommendation adopted No. 16-CV-12999, 2018 WL 1243693 (E.D. Mich. March 9, 2018)(ALJ did not err in rejecting medical opinion based on internal inconsistencies).  The ALJ found instead that while Tarver did not require the use of a cane, the medical evidence supported the finding that she was limited to sedentary work which would require two, rather than four hours standing or walking in an eight-hour day. (*Id.*).  *See* SSR 83-10, 1983 WL 31251, at *5 (1983)(for sedentary work, "standing or walking should generally total no more than about 2 hours of an 8-hour workday").

Second, the Report and Recommendation addressed the allegations of walking limitations, noting that "even if Tarver has a slower than average walking speed, it is not clear how this would affect her ability to return to her job as a senior systems analyst," which Tarver testified involved "a lot of sitting and a lot of typing" and "a lot of sitting and reading"  (ECF No. 18, PageID.800)(ECF No. 10, PageID.104-105).  Tarver went so far as to testify that in the former position "I don't think I got a chance to move unless I got up" and that the need to walk was limited to "a few meetings . . . across the street" (*Id.*, PageID.105).  In addition to Tarver's own statement that her former position did not require more than minimal walking, the vocational expert ("VE") testified that the need for an assistive device would not affect the ability to perform Tarver's former position. (*Id.*, PageID.112).

Even assuming that Tarver could establish that the Residual Functional Capacity ("RFC") ought to have included the need for a cane, she cannot show how it would change the ALJ's finding that she could perform her past relevant work. Where "remand would be an idle and useless formality," the courts are not required to "convert judicial review of agency action into a ping-pong game." *NLRB v. Wyman–Gordon*, 394 U.S. 759, 766, n. 6 (1969)(plurality opinion). Because substantial evidence supports the determination that Tarver could perform her past relevant work regardless of whether she required the use of a cane, this objection will be denied.

Tarver also faults the rejection of Dr. Meram's treating opinion that she was unable to lift more than five pounds; stand/walk for more than 15 minutes at a time; sit for 45 minutes; or work for more three hours without requiring a rest. (ECF No. 19, PageID.808)(ECF No. 10, PageID.393, 430). Tarver notes that Dr. Meram's findings are supported by her own allegations of physical limitation. (ECF No. 19, PageID.807-808).

In making this argument, Tarver relies on case law derived from a superseded regulation stating that a treating physician's opinion is entitled to presumptively greater weight than a one-time examining or non-examining source. (ECF No. 19, PageID.808-809) *citing* 20 C.F.R. § 416.927(c)(2). In contrast, for

claims such as this one made on or after March 27, 2017, the ALJ will weigh both treating and non-treating medical evaluations based on how well they are supported by the remainder of the record. 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"). In other words, under the new regulations, Dr. Meram's status as a treating source with nothing more does not entitle his opinion to increased weight.[2]

Magistrate Judge Altman provided a thorough discussion of Dr. Meram's treating records and his December, 2018 "disability" opinion. (ECF No. 18, PageID.779-787). She cited the ALJ's rationale for rejecting Dr. Meram's opinion based on the treating records from 2017 showing "'little to no limitations with . . . activities of daily living, increased energy,'" the ability to walk "'at least three blocks,'" and grocery shop. (ECF No. 18, PageID.797) *quoting* (ECF No. 10, PageID.67). The ALJ observed that Tarver's ability to grocery shop also undermined Dr. Meram's finding that she was unable to lift more than five pounds. (ECF No. 10, PageID.67). While Tarver argues that her claimed limitations are

---

[2] Even if Tarver had applied for Disability Insurance Benefits before March 27, 2017, § 404.1527(c)(2) would apply to her claim, not § 416.927(c)(2) which pertains to applications for Supplemental Security Income.

consistent with Dr. Meram's findings, the ALJ provided satisfactory reasons for discounting the subjective allegations of impairment, citing records showing a normal range of motion, Tarver's acknowledgment that symptoms did not interfere with activities of daily living, and the absence of objective support for the professed degree of limitation. (*Id.*, PageID.61-67). *See Hardaway*, *supra,* 823 F.2d at 928.

Because the ALJ's explanation for finding Dr. Meram's opinion "not persuasive" satisfies 20 C.F.R. § 1520c, which requires articulation of the factors of "supportability and consistency" in evaluating the opinion evidence, the administrative findings should remain undisturbed. § 404.1520c(b). This objection will be denied as well.

### III. Conclusion

**IT IS ORDERED** that the July 6, 2021 Report and Recommendation of Magistrate Judge Kimberly G. Altman **(ECF No. 18)** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's November 30, 2020 Motion for Summary Judgment **(ECF No. 12)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's February 16, 2021 Motion for Summary Judgment **(ECF No. No. 16)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

                                                 *s/Denise Page Hood*
                                                 DENISE PAGE HOOD,
                                                 Chief Judge

DATED: September 30, 2021